

ENTERED
04/01/2010

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN RE: § | |
| § | |
| WILLIAM ANTHONY HENSLEE § | |
| DEBTOR(S) § | CASE NO.   06-35570-H5-7 |
| § | |
| WILLIAM ANTHONY HENSLEE § | |
| PLAINTIFF(S) § | ADVERSARY NO.   07-3204 |
| § | |
| VS. § | |
| § | |
| EDUCATIONAL CREDIT MANAGEMENT § | |
| CORPORATION, COLLEGE ASSIST, | |
| AND NELNET § | |
| DEFENDANT(S) § | |

## MEMORANDUM OPINION

Before the Court is the complaint of William Anthony Henslee to discharge his student loans. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 1334 and 157. This is a core proceeding.

### I. Facts

Henslee filed a voluntary chapter 7 petition on October 16, 2006. Henslee filed this adversary proceeding on April 13, 2007. Henslee's student loans are or were held by Educational Credit Management Corporation, College Assist, NelNet, Inc. and SLM Corporation d/b/a Sallie Mae Services. The holders of Henslee's student loans claim that Henslee owes approximately $130,000 on his student loans. Henslee sent a letter to each of the holders of his student loans in September 2007 with an offer of repayment of $5.00 per month based on his financial condition.

Henslee has inquired about the William D. Ford Federal Direct Loan Program, but does not believe funds are available to him through that program.

William Henslee was born July 10, 1940 and was sixty-seven years old at the time of the filing of the parties' joint pretrial statement. Henslee attended Columbia College and graduated in 1961 with a B.A. in History. From 1965 to 1987 debtor was a licensed insurance agent and owned an agency, Allied Insurance Services.

In 1987, Henslee lost his license due to a felony drug conviction and was incarcerated from 1989 until he was released on parole on July 5, 1991.[1] During his incarceration and after his release, Henslee was enrolled at the University of Houston - Clear Lake ("UHCL"). Henslee seeks to discharge student loans he incurred from 1991 to 2006 while enrolled at UHCL. Hensley used the loan proceeds to pay for tuition, books, room and board, and living expenses. Henslee obtained a Master of Arts in Literature from UHCL in 1999 and a Master of Arts in Humanities in 2000. Henslee was a full-time student on July 21, 2006. Henslee intended to use his degrees to teach or write a book. Henslee discontinued his studies in 2006 while he was working on a Master of Arts in History.

Since 2000, when he held a job as a car salesman, Henslee's income has never exceeded $5,000 annually. Henslee quit his job when he returned to school because the company would not let him work part-time and because Henslee thought the manager was unfairly directing sales to a relative of the manager. In 2001, Henslee worked at the UHCL writing center, the last job he has ever held, making $10 per hour, for a total of $250 per month.

---

[1] Henslee's parole continues through 2011. Subject to good time off, it is anticipated to end on June 25, 2009.

In the past, Henslee's mother provided him financial assistance, but she has discontinued her assistance. Until Hurricane Ike destroyed it on September 12, 2008, Henslee lived in a condominium in Del Lago, purchased by his aunt. At the time of trial, Henslee was living on a friend's boat that does not have a toilet. The condominium is mortgaged and in arrears and Henslee cannot afford the payments. Henslee has no insurance to cover the hurricane's destruction of his belongings and any insurance proceeds from coverage on the condominium building will either be paid to the condominium homeowners association as beneficiary or to the mortgagee. Should the proceeds be payable to the homeowners association, it will assess unpaid association fees against the proceeds and Henslee will not receive any funds. Henslee applied to FEMA for rental assistance and he lived in a hotel for some time, but the assistance payments ceased. Henslee owns a 1994 Pontiac and a small dog he acquired on the recommendation of his therapist. Henslee spends $6.25 every two months on dog food.

Currently, Henslee's sole source of personal income is his Social Security retirement benefit. At the time of trial, Henslee had begun receiving Texas Medicare payments of $748 per month, representing an increase over the previous payments he had been receiving of $650 per month. Henslee receives food stamps are of $176.00 per month. Debtor's Social Security retirement benefit places him below the poverty line. Henslee relies on the charity of friends and relatives to supplement his Social Security income in order to maintain a minimal standard of living. Henslee has no other assets and no expectancy of an inheritance.

Henslee receives supplemental assistance from the Social Security Administration for Medicare and the Medicare Drug program due to his low income level. Debtor's low income also

qualifies him for coverage (referred to as the "Gold Card") by the Harris County Health District for assistance on his medical and drug bills.

Henslee suffers from cancer, degenerative joint disease in his knees, high blood pressure, high cholesterol, sleep apnea, vertigo, allergic rhinitis, and depression. In the 1990's, Henslee had an operation for sleep apnea. In 2006, when Henslee qualified for the Gold Card in 2006, lab work was done and he was put on medication for high blood pressure and high cholesterol. Henslee was diagnosed with prostate cancer in December 2007, and, at the time of trial, he had received 47 radiation treatments. Henslee gets hormone injections on a regular basis and if his radiation treatments are not successful, he will have to have surgery. Henslee is on medication for his prostate, vertigo, high cholesterol, depression, high blood pressure, and allergic rhinitis. Henslee also takes ibuprofen for pain and Ambien to sleep.

Henslee is undergoing treatment for depression. Henslee's depression renders him unable to secure work. If Henslee secures work earning an income sufficient to support himself, he will lose the medical coverage currently provided to him by Medicaid and the Harris County Hospital District and will become unable to continue his cancer treatments, which he believes cost $50,000.

## II. Law

Bankruptcy Code section 523(a)(8) provides:

> (a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt--
> . . . .
> (8) unless excepting such debt from discharge under this paragraph would impose an undue hardship on the debtor and the debtor's dependents, for--
>
> (A)(I) an educational benefit overpayment or loan made, insured, or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or nonprofit institution; or

(ii) an obligation to repay funds received as an educational benefit, scholarship, or stipend; or

(B) any other educational loan that is a qualified education loan, as defined in section 221(d)(1) of the Internal Revenue Code of 1986, incurred by a debtor who is an individual . . .

11 U.S.C. 523(a)(8).

The Fifth Circuit has held that to discharge student loans under 11 U.S.C. 523(a)(8), the debtor must prove:

(1) that the debtor cannot maintain, based on current income and expenses, a "minimal" standard of living for [himself] and [his] dependents if forced to repay the loans; (2) that additional circumstances exist indicating that this state of affairs is likely to persist for a significant portion of the repayment period of the student loans; and (3) that the debtor has made good faith efforts to repay the loans.

In re Gerhardt, 348 F.3d 89, 91 (5th Cir. 2003) (quoting Brunner v. New York State Higher Educ. Serv. Corp., 831 F.2d 395, 396 (2d Cir.1987).

Henslee's monthly expenses exceed his monthly income. The Court finds that Henslee cannot maintain, based on current income and expenses, a minimal standard of living for himself if forced to repay his student loans.

The Court finds that additional circumstances exist indicating that this state of affairs is likely to persist for a significant portion of the repayment period of the student loans and that Henslee has a total incapacity in the future to pay his debts for reasons not within his control. Those additional circumstances include, but are not limited to: (1) Henslee's cancer, diagnosed after he had incurred the student loans at issue, (2) Henslee's cancer treatments which are available to him only by virtue of his eligibility for a Harris County Gold Card, which bases eligibility on income, (3) the destruction of Henslee's home and personal belongings by Hurricane Ike in September 2008, and

(4) Henslee's deteriorated psychiatric condition which renders him unable to work. The Court finds that in light of Henslee's exceedingly low income, his offer to repay his student loans at $5 per month is a good-faith effort to repay his loans. Based on the foregoing, it is

**ORDERED** that the student loans owed by William Anthony Henslee are **DISCHARGED**.

Signed this ___ day of April, 2010 at Houston, Texas.

KAREN K. BROWN
UNITED STATES BANKRUPTCY JUDGE